## JACQUELINE R. ROCCI
*ATTORNEY AT LAW*

340 Main Street  Telephone: (732) 321-1049
Metuchen, New Jersey 08840  Facsimile: (732) 482-1131
jacqueline@rocciesquire.com

October 1, 2019

Honorable Michael B. Kaplan, U.S.B.J.
Clarkson S. Fisher US Courthouse
402 East State Street
Trenton, N.J. 08608

Re:   DeMaio, Jerry and Fayella
      Chapter 13 Case Number:  19-23018 MBK

Dear Judge Kaplan:

On behalf of Debtors, please accept this letter brief in further opposition of the Secured Creditor, Infiniti Finance's, Motion for Stay Relief which is returnable on October 9, 2019.

## Statement of Facts

On or about June 16, 2016, Co-Debtor leased a 2014 Infiniti for a term of thirty-nine (39) months to begin on July 16, 2014 and continue through September 16, 2017.   It is undisputed that the terms of the lease were paid in full and the lease terminated on September 16, 2017. It is also undisputed that after the lease ended, Debtor retained possession of the vehicle, continued to make monthly payments and Infiniti continued to accept them for another twenty-two-(22) months beyond the term of the lease.

1

Infiniti calculates the balance of the payoff to be **$12,153.82**. See paragraph E, "Lease Payoff".

Debtors' Plan treats the balance due to Infiniti as a secured claim and proposes to pay the balance plus interest over the life of the plan for a total payment of **$14,719.56**.

## The Issue

Whether the conduct of the parties: Debtor's overpayments and Infiniti's acceptance of the overpayment created a contract for the purchase of the vehicle.

## Legal Argument:
### Principles of Contract Interpretation

Contract interpretation begins with the plain language of the contract. *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991); *accord Hol-Gar Mfg. Corp. v. United States*, 169 Ct. Cl. 384, 390 (1965). A court should first employ a "plain meaning" analysis in any contract dispute. *Aleman Food Services, Inc. v. United States*, 994 F.2d 819, 822 (Fed. Cir. 1993).

Infiniti is incorrect when it categorizes the security interest as an extension of the completed lease term. The Lease agreement clearly requires a "written agreement … extending the lease term":

> When your lease terminates, […], you will return the Vehicle to an Infiniti dealer or other location we specify … If you keep possession of this Vehicle past the end of the lease term, you will continue to pay the monthly payments, but you agree that you have no right to keep this Vehicle, unless you enter into a written agreement with us extending the lease term.    Paragraph 12 of the Lease Agreement.

It is undisputed that there is no written agreement extending the lease term as required by the Lease Agreement.    Therefore, Infiniti's failure to regain possession cannot be deemed as an extension of the lease without a new written agreement.

## Contract Implied in Fact

Contracts can be implied by the conduct of the parties.    Implied Contracts, "are 'founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties.'" *Lumbermens Mut. Cas. Co. v. United States*, 654 F.3d 1305, 1316 (Fed. Cir. 2011) (citing *Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996) (additional citations omitted)).

In this case, Debtor fully paid the lease term in full satisfaction of the lease agreement. Thereafter, Debtor continued to make payments toward the purchase of the vehicle as allowed in the Purchase Option which states:

> PURCHASE OPTION AT END OF LEASE TERM.   You have an option to purchase the Vehicle at the end of the lease term for $33,048.15, and a Purchase Option Fee of $300.00.  See Section 15.  See Section G of the Lease Agreement, page 2.
>
> 15. PURCHASE OPTION   You have the option to purchase this Vhicle "As Is" from the originating dealer, or other location we specify, in cash for the Purchase

Option Price, *plus* any official fees and taxes, vehicle inspection costs required in connection with the purchase and a Purchase Option Fee of $300.00, which fee, taxes and costs are not included in the Purchase Option Price agreed to in Section 6. If you purchase the Vehicle at the end of the lease term, the Purchase Option Price will be the Residual Value, shown in Section 5.d). See Paragraph 15 of the Lease Agreement, pg. 3.

The conduct of the parties evinces the agreement between the parties for Debtor to retain the vehicle, continue to make payments beyond the term of the lease. If the overpayments are not pursuant to an extended lease, then they can only be for the purchase of the vehicle.

Infiniti conduct in accepting payment and crediting the Residual Value further shows the triggering of a finance agreement. The lease payoff identified in Infiniti's Certification is $12,153.82; an amount that considers the credits received toward the Residual Value of $33,048.15.

Based on the foregoing, Debtor respectfully requests that the Motion for Stay Relief filed by Infiniti Financial Services be denied and that the court find that the conduct of the parties gave rise to a security agreement that may be treated and paid in the Plan of Reorganization.

Respectfully Submitted,

/s/ *Jacqueline Rocci*
*Jacqueline Rocci*
*Counsel to Debtors*