John R. Morton, Jr., Esq.
110 Marter Ave. Suite 301
Moorestown, NJ 08057
Telephone: (856) 866-0100
Attorney for Infiniti Financial Services, a division of Nissan Motor Acceptance Corporation, servicer for Nissan-Infiniti LT

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>JERRY MICHAEL DEMAIO<br><br>FAYELLA DEMAIO,<br><br>     Debtors | ) Case No.  19-23018(MBK)<br>)<br>) Hearing Date: 12-17-2019<br>)<br>) BRIEF OF INFINITI FINANCIAL<br>) SERVICES, A DIVISION OF NISSAN<br>) MOTOR ACCEPTANCE CORPORATION,<br>) SERVICER FOR NISSAN-INFINITI LT<br>) IN SUPPORT OF MOTION FOR STAY<br>) RELIEF AND IN OPPOSITION TO<br>) MOTION OF DEBTOR TO RECLASSIFY<br>) ITS CLAIM |

FACTS

On June 14, 2014, the debtor, Fayella DeMaio executed a motor vehicle lease agreement for the lease of a 2014 Infiniti Q60 convertible.  The lease was for a term of 36 months at $1060.00 per month commencing 6-14-14.

The lease ended on 6-14-17.  The debtor continued to make monthly lease payments until 6-7-19 when the last lease payment was made by the debtor.

The debtor filed this Chapter 13 petition on 7-1-19.  In the petition, the debtor rejected the lease, treating it as a secured claim which was to be paid in full through the plan with

interest. Infiniti Financial Services (IFS) has filed a motion for stay relief to repossess the vehicle. The debtor has moved to reclassify IFS's claim to secured, declare the lease to have been converted to a secured claim by virtue of Infiniti Financial Service's acceptance of payments equal to monthly lease payments for a period of some 22 months after the lease ended.

## ISSUE

Has the lease been converted into a retail installment contract by virtue of acceptance of lease payments by the lessor after the lease ended.

## ARGUMENT

State law will first be examined.

**The Consumer Protection Leasing Act:** The State of New Jersey has adopted the Consumer Protection Leasing Act, N.J.S.A. 56:12-60 et seq, to govern and set standards for the leasing of motor vehicles.

The term "lease" is defined in the Act as being "a contract or other agreement between a lessor and a lessee, other than a fleet lease, a fair market commercial lease, or a TRAC lease, entered into after the effective date of this act for the use of a motor vehicle by the lessee for a period of time exceeding 120 days, whether or not the lessee has the option to purchase or otherwise become the owner of the motor vehicle at the

expiration of the lease. **A lease shall not be deemed to be a retail installment contract, as defined in subsection (b) of Section 1 of P.L.1960, c.40 (C.17:16C-1), unless the lessee, for no or for a nominal consideration, becomes the owner, or has the option of becoming the owner of the motor vehicle at the end of the term of the lease.** (emphasis added) N.J.S.A. 56:12-61 as amended through 1999.

The lease signed by the debtor is a "lease" as defined in the Consumer Protection Leasing Act. It is not a TRAC lease, a fleet lease or a fair market value commercial lease. It is a lease of a vehicle for personal use. Its term is 36 months. And the purchase option set forth in the lease is not nominal.

The New Jersey Uniform Commercial Code also deals with the distinction between leases and security interests. It states at N.J.S.A. 12A:1-201(37) that a transaction does not create a security interest merely because it provides that "(d) the lessee has the option to become the owner of the goods for a fixed price that is equal to or greater than the reasonably predictable fair market value of the goods at the time the option is to be performed".

The Bankruptcy Code will be examined next.

Debtors argue that contracts can be implied by the conduct of the parties and that by continuing to accept lease payments

after the lease ended gave rise to a security agreement between IFS and the debtors.

IFS does not deny that monthly payments were made by the debtors after the lease ended. However, it is IFS's position that the debtor was the same as a holdover tenant. A lease contract existed between the debtor as lessee and IFS as the lessor. The payments made by the debtor to IFS did not change this relationship.

The issue of whether a debtor can finance the residual price of a leased vehicle over the life of a Chapter 13 plan was dealt with in the case of In re Pittman, 289 B.R. 448 (Bankr. M.D. Fla. 2003). In that case, the court found that the lease required the debtor to make a lump sum payment in order to exercise the purchase option, that § 1322(b)(2) applied only to secured creditors and did not permit a Chapter 13 debtor to modify the rights of a lessor. The court then held that §1322(b)(7) did not permit a Chapter 13 debtor to finance the residual price of a leased vehicle over the life of Chapter 13 plan.

See also In re Blackburn, 88 B.R. 273 S.D. Cal. 1988.

The debtors have rejected the lease in the plan filed with the Court. Bankruptcy code section 365(p)(3) applies and states that if the lease is not assumed, the stay under 362 and 1301 automatically terminate as to the leased property.

For all of these reasons, it is respectfully argued that debtors' motion should be denied and that IFS's motion for relief should be granted.

Dated this 10th day of December, 2019

Respectfully submitted,

John R. Morton, Jr., Esq. Attorney for Infiniti Financial Services, a division of Nissan Motor Acceptance Corporation, servicer for Nissan-Infiniti LT